Arthur J. Blackburn v. Commissioner.
Blackburn v. Commissioner
Docket No. 4598-69.
United States Tax Court
T.C. Memo 1971-207; 1971 Tax Ct. Memo LEXIS 126; 30 T.C.M. (CCH) 859; T.C.M. (RIA) 71207; August 19, 1971, filed. Arthur J. Blackburn, pro se, 67 Eastwood Ave., Deer Park, N. Y. Marlene Gross, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax against petitioner for the taxable year 1967 in the amount of $2,801.78. Certain issues having been settled by the parties, the only issues remaining for decision are whether petitioner is entitled to dependency exemption deductions claimed for three of his children and for his mother. Findings of Fact Some of the facts have been stipulated and are incorporated herein *128 by this reference. At the time of the filing of the petition herein, petitioner was a resident of Deer Park, New York. He filed his individual Federal income tax return for the taxable year 1967 with the district director of internal revenue, Brooklyn, New York. During 1967, petitioner was married to Elsie Blackburn. On June 15, 1967, they entered into a written separation agreement. Under the terms of the agreement, petitioner's wife was given custody of their three children, Margaret, Deborah, and Arthur, Jr., ages 12, 11, and 10 years, respectively. Petitioner agreed to pay his wife $100 per week and conveyed to her his one-half interest in the residence which they then owned as joint tenants, subject to the outstanding mortgage. Under the terms of the agreement, petitioner's wife also retained the bulk of the household furnishings. There was no provision for payments for support of the children. Prior to the separation agreement, petitioner lived with his wife and their three children in their jointly-owned residence. Also living with them was petitioner's son from a previous marriage, William, age 17. Petitioner was working and providing support for his children. During *129 this period his wife was also working part-time, for a few hours per day. After the execution of the separation agreement petitioner and his oldest son, William, moved out and set up their own household in an apartment. Petitioner's other three children remained with their mother and continued to reside with her for the remainder of the year 1967. During this period petitioner did not always pay his wife the full amount of the weekly payments called for by the separation agreement, paying her a total of $2,035 during 1967. Petitioner's wife had a job working in a school cafeteria, earning about $1,300 during 1967 after petitioner had moved out. After petitioner and his oldest son had set up their own household, petitioner's mother moved in and continued to live with them for the remaining six and onehalf months of 1967. Prior to this, she had been living with petitioner's brother. Petitioner provided support for his mother while she was living with him. During 1967, she received a veterans' pension of $50 per month and some additional amounts as social security benefits. In his individual Federal income tax return for the taxable year 1967, petitioner deducted as alimony payments *130 the amounts paid to his wife. He also claimed dependency exemption deductions for his three children, Margaret, Deborah, and Arthur, Jr., and for his mother. In the notice of deficiency respondent disallowed these dependency exemption deductions. Opinion The issues presented for decision in this case are whether petitioner is entitled to dependency exemption deductions for his three children who pursuant to a written separation agreement were in the custody of the petitioner's wife and lived with her for more than six months during the year and whether petitioner is entitled to a dependency exemption deduction for his 860 mother who resided with him for six and one-half months during the year. Section 151(e) of the Internal Revenue Code of 1954 provides for the deduction of exemptions for dependents as defined in section 152. Section 152(a) of the Code [1] defines the term "dependent" to include a child or a parent of the taxpayer who receives over half of his support for the year from the taxpayer. *131 Section 152(e)(1) sets forth the general rule that if a child receives over half of his support for the year from his parents who are separated under a written separation agreement, and if such child is in the custody of one or both of his parents for more than one-half of such year, then such child shall be treated for purposes of section 152(a) as receiving over half of his support for the year from the parent having custody for the greater portion of the year. Section 152(e)(2) provides two exceptions to the foregoing rule. Section 152(e)(2)(A) provides that if the separation agreement provides that the parent not having custody is entitled to the allowable deduction and if such parent provides at least $600 for the support of such child, then such child shall be treated as receiving over half of his support from the parent not having custody. Section 152(e)(2)(B) provides that if the parent not having custody provides $1,200 or more for the support of the child (or children if there are more than one) and if the parent having custody does not clearly establish that he provided more for the support of such child than the parent not having custody, then such child shall be treated *132 as receiving over half of his support from the parent not having custody. It appears from the facts that the three children of the petitioner and his wife received over half of their support during 1967 from their parents and that they were in the custody of one or both of their parents for the entire year. Since they were in the custody of petitioner's wife for the greater portion of the year, they will be treated as receiving over half of their support from her unless one of the exceptions applies. The first exception does not apply since the written separation agreement does not provide that petitioner is entitled to the allowable deductions. The second exception can apply only if petitioner provided $1,200 or more for the support of his children. Petitioner has failed to prove that he provided at least $1,200 for the support of his three children during 1967. He has not shown how much he provided for the support of such children. He has merely shown that the children lived with him and 861 his wife for the first five and one-half months of 1967 and states that the support he provided during this period was more than half their support for the entire year. He also states *133 that his wife's only income during the year was the amount of $2,035 received from him and $1,300 in earnings from her job, apparently trying to imply that his wife was incapable of providing more for their support during the last half of the year than he did during the first half of the year. From the nature of his approach to the question, it seems that petitioner would have this Court ignore the applicability of section 152(e) to the facts of this case in favor of applying the general support of section 152(a). It is clear, however, from the language of section 152(a) itself that where section 152(e) applies it is to be controlling of the question of support for children of divorced or separated parents. Petitioner has advanced no reason as to why this is not the correct interpretation of these provisions. Accordingly, we do not have to decide the merits of petitioner's contention that he provided over one-half the support for his three children and we approve the respondent's disallowance of the three dependency exemption deductions because petitioner has failed to show that he meets the requirements of section 152(e). At the trial petitioner also testified that he provided more *134 than half of his mother's support during 1967. We have carefully considered the evidence and concluded that petitioner has failed to prove this. Petitioner did not show what amounts he actually spent for his mother's support during 1967. For the first five and one-half months of the year, petitioner's mother lived with his brother. Petitioner has failed to establish the amount of her support during this period. He apparently does not claim to have provided any of her support during this period. During 1967, petitioner's mother also received a veterans' pension of $50 per month and social security benefits in an undisclosed amount. Petitioner has failed to show how much his mother provided for her own support. Under the circumstances, we are unable to determine the total amount of support for petitioner's mother during 1967 and whether the support provided by petitioner was more than half. Accordingly, we hold that petitioner is not entitled to the dependency exemption deduction claimed for his mother. Decision will be entered under Rule 50. Footnotes
1. Section 152 provides in part as follows: (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer * * * * * * (4) The father or mother of the taxpayer * * * * * * (e) Support Test in Case of Child of Divorced Parents, etc. - (1) General rule. - If - (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special Rule. - The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if - (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B) (i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩